RECEIVED IN
COURT OF CRIMINAL APPEALS

April 15, 2015

ABEL ACOSTA, CLERK

ORAL ARGUMENT REQUESTED

NO. PD-0270-15

IN THE COURT OF CRIMINAL APPEALS
OF THE STATE OF TEXAS
SITTING AT AUSTIN, TEXAS

---

JOSEPH SULLIVAN,
Petitioner,

VS.

THE STATE OF TEXAS
Respondent

---

On Petition for Discretionary Review
To the Court of Appeals Twelfth
Supreme Judicial District Cause
No. 12-13-00253-CR

PETITION SEEKING DISCRETIONARY REVIEW

James W. Huggler
State Bar No. 00795437
100 E. Ferguson, Suite 802
Tyler, Texas 75702
Telephone: 903-593-2400
Facsimile: 903-593-3830
jhugglerlaw@sbcglobal.net

ATTORNEY FOR PETITIONER

## TABLE OF CONTENTS

DESCRIPTION                                                      PAGE

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . 2

GROUND FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
     THE COURT OF APPEALS ERRED IN FINDING THAT
     THE TRIAL COURT'S DECISION TO ADMIT EVIDENCE
     WAS WITHING THE ZONE OF REASONABLE
     DISAGREEMENT.

REASONS FOR GRANTING REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENTS AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    B. Analysis. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . 8

APPENDIX A - Opinion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# INDEX OF AUTHORITIES

STATUTES
Tex. Penal Code Ann. §20.02 (West 2009). . . . . . . . . . . . . . . . . . . . . . . . 2


CASES
Erazo v. State, 144 S.W.3d 487 (Tex. Crim. App. 2004). . . . . . . . . . . 4, 5

Jackson v. State, 314 S.W.3d 118 (Tex. App. – Houston [14th Court],

2010, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Montgomery v. State, 810 S.W.2d 372 (Tex. Crim. App. 1990). . . . . . 3, 4

Prytash v. State, 3 S.W.3d 522 (Tex. Crim. App. 1999). . . . . . . . . . . . . 3

Santellan v. State, 939 S.W.2d 155 (Tex. Crim. App. 1997). . . . . . . . 4, 5

Sullivan v, State, No. 12-13-00253-CR, 2015 Tex. App.

   LEXIS 1304 (Tex. App. – Tyler, Feb. 15, 2015). . . . . . . . . . . . passim


RULES
Tex. R. App. P. Ann. 9.4 (West 2013). . . . . . . . . . . . . . . . . . . . . . . . . . 10

Tex. R. App. P. Ann. 66.3(a) (West 2013). . . . . . . . . . . . . . . . . . . . . . . . 3

Tex. R. App. P. Ann. 66.3( c) (West 2013). . . . . . . . . . . . . . . . . . . . . . . . 3

| JOSEPH SULLIVAN, | § | IN THE COURT OF |
|---|---|---|
| PETITIONER | § | |
| | § | |
| VS. | § | CRIMINAL APPEALS |
| | § | |
| THE STATE OF TEXAS, | § | |
| APPELLEE | § | AUSTIN, TEXAS |

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Now Comes JOSEPH SULLIVAN, Petitioner and Defendant in the trial court, and respectfully submits this his Petition for Discretionary Review complaining of the ruling and opinion by the Court of Appeals for the Twelfth Supreme Judicial District, and would show the Court as follows:

## STATEMENT REGARDING ORAL ARGUMENT

In the event this Court grants this petition, Petitioner requests the Court to grant oral argument herein so that all matters may be clarified and any questions presented by the briefs of the parties may be addressed in a proper manner.

1

## STATEMENT OF THE CASE

Appellant was indicted in cause number 007-1018-12 and charged with the offense of continuous sexual abuse of a child and received a life sentence. TEX. PENAL CODE ANN. §21.02 (West 2009). A jury trial was held on all issues. The Court of Appeals affirmed the trial court's judgment and sentence in an unpublished decision, and this petition follows.

## STATEMENT OF PROCEDURAL HISTORY

The Twelfth Court of Appeals issued an opinion in number 12-13-00253-CR on February 11, 2015. No motion for rehearing was filed. On March 11, 2015, a Motion to Extend Time to File Petition for Discretionary Review was filed. That Motion was granted and the time to file a petition for discretionary review was extended until April 13, 2015.

## GROUND FOR REVIEW

THE COURT OF APPEALS ERRED IN FINDING THAT THE TRIAL COURT'S DECISION TO ADMIT EVIDENCE WAS WITHIN THE ZONE OF REASONABLE DISAGREEMENT.

## REASONS FOR GRANTING REVIEW

The Court of Appeals' decision conflicts with another court of appeals decision on the same issue. TEX. R. APP. P. ANN. 66.3(a) (West 2014).

The Court of Appeal's decision conflicts with an applicable decision of the Court of Criminal Appeals on an important question of state law. TEX. R. APP. PROC. ANN. 66.3( c)(West 2014).

## ARGUMENTS AND AUTHORITIES

### A. Standard of Review

A court's decision to admit evidence is reviewed for an abuse of discretion. Prytash v. State, 3 S.W.3d 522, 527 (Tex. Crim. App. 1999); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). As long as the trial court's ruling was at least within the zone of reasonable

3

disagreement, the appellate courts will not intercede. <u>Montgomery</u>, 810 S.W.2d at 391.

## B. Analysis

Rule 403 favors admissibility of relevant evidence, and the presumption is that relevant evidence will be more probative than prejudicial. <u>Montgomery</u>, 810 S.W.2d at 389. Both a trial and appellate court are required to analyze and balance (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence ; and (4) the proponent's need for the evidence. <u>Erazo v. State</u> 144 S.W.3d 487, 489 (Tex. Crim. App. 2004). Specifically regarding photographs, the courts are to consider (1) the number of exhibits offered; (2) the gruesomeness; (3) the detail; (4) the size; (5) whether they are black and white or color; (6) whether they are close up shots; (7 whether the body is naked or clothed; (8) the availability of other means of proof; (9) and other circumstances unique to the case. <u>Santellan v. State</u>, 939 S.W.2d 155, 172 (Tex. Crim. App. 1997).

However, both <u>Erazo</u> and <u>Santellan</u> involved prosecutions for

4

murder and the pictures in those matters were related directly to the offense charged. In this case, the photographs offered and admitted did not purport to show the defendant or the complaining witness. The photographs offered were offered solely to impress the jury that this defendant was a sexual predator. These photographs were not related to the offense conduct, did not depict anything similar to what the complainant described, and were not prosecuted as offenses in and of themselves. While they may have been distasteful, they were not illegal.

Just as prosecutors have learned that evidence of membership in an organized criminal street gang leads to convictions, possession of possible child pornography can also lead juries to disregard evidence and convict. Jackson v. State, 314 S.W.3d 118 (Tex. App. – Houston [14th Court], 2010, no pet.). While the photographs admitted did contain lascivious depictions, there was no causal link to establish that Sullivan was aroused by these photographs. Sullivan at *8.

In this case, the appellate court described the cross-examination of the complainant as well-structured and effective. Sullivan at *9-10. The Court of Appeals erred in determining that it was "keenly important" "particularly important" for the State to offer these photographs to

5

establish that Sullivan received sexual gratification from them contemporaneously with the alleged abuse. <u>Sullivan</u> at *10. Despite the well-structured attack on the complainant's credibility, the Court of Appeals erred in then stating that these photographs were not likely to impress the jury in some irrational way, and that possession of "pornographic" material was less heinous than the acts testified to by the complainant. This decision reached by the Court of Appeals conflicts with opinions from this Court and other appellate courts and should be reversed.

CONCLUSION

Under all circumstances, the Court of Appeals erred in affirming the trial court's decision. This court should grant discretionary review and, upon such review, reverse the Court of Appeals and remand the case to the Court of Appeals.

## PRAYER

WHEREFORE, Petitioner prays the Court to grant discretionary review and, upon such review, to reverse the judgment of the Court of Appeals; and for such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

/s/ James Huggler

James W. Huggler

State Bar No. 00795437

100 E. Ferguson, Suite 805

Tyler, Texas 75702

Telephone: 903-593-2400

Facsimile: 903-593-3830

ATTORNEY FOR PETITIONER

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Petition has been forwarded to the District Attorney, Smith County, Texas, and on the State Prosecuting Attorney by regular mail or through the State of Texas Electronic Filing System on this the 11th day of April, 2015 at the addresses listed below

/s/ James Huggler
James W. Huggler

Michael West
Smith County District Attorney's Office
100 N. Broadway, 4th Floor
Tyler, Texas 75702

Lisa McMinn
State Prosecuting Attorney
PO Box 12405
Austin, Texas 78711

## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with Tex. R. App. P. 9.4, specifically using 14 point Century font and contains 2,332 words as counted by Corel WordPerfect version x6.

/s/ James Huggler

James W. Huggler, Jr.

NO. PD-0270-15

IN THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS SITTING AT

AUSTIN, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JOSEPH SULLIVAN,

Petitioner

VS.

THE STATE OF TEXAS,

Respondent

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On Petition for Discretionary Review
To the Court of Appeals Twelfth
Supreme Judicial District Cause
No. 12-13-00253-CR

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
APPENDIX
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JOSEPH EDWARD SULLIVAN, APPELLANT v. THE STATE OF TEXAS, APPELLEE

NO. 12-13-00253-CR

COURT OF APPEALS OF TEXAS, TWELFTH DISTRICT, TYLER

2015 Tex. App. LEXIS 1304

February 11, 2015, Opinion Delivered

NOTICE: PLEASE CONSULT THE TEXAS RULES OF APPELLATE PROCEDURE FOR CITATION OF UNPUBLISHED OPINIONS.

PRIOR HISTORY: [*1] Appeal from the 7th District Court of Smith County, Texas. (Tr.Ct.No. 007-1018-12).

COUNSEL: For Appellant: Austin R. Jackson.

For State: Michael J. West.

JUDGES: Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.

OPINION BY: BRIAN HOYLE

OPINION

MEMORANDUM OPINION

Joseph Edward Sullivan appeals his conviction for continuous sexual abuse of a child under fourteen, for which he was sentenced to imprisonment for life. In one issue, Appellant argues that the trial court erred in admitting irrelevant and unduly prejudicial photographic evidence offered by the State during the guilt-innocence phase of trial. We affirm.

BACKGROUND

Appellant was charged by indictment with continuous sexual abuse of his girlfriend's young daughter, K.J. Appellant pleaded "not guilty." The matter proceeded to a jury trial.

At trial, K.J. testified regarding multiple instances of Appellant's sexually abusing her.[1] Moreover, a video recording of her interview with Jackie Mendez, a forensic examiner with the Child Advocacy Center in Tyler, Texas, was played for the jury. Additionally, the State elicited testimony from multiple forensic scientists concerning the biological samples collected from K.J. by the sexual assault nurse examiner. Each testified that no DNA linking Appellant to the crime was present in [*2] the samples collected. The State further sought to introduce, over Appellant's objection, nine pictures recovered from Appellant's laptop depicting young girls. The trial court overruled Appellant's objection and permitted the State to publish the pictures to the jury. Thereafter, the State rested. Appellant rested without calling any witnesses.

> 1 Appellant has not raised an issue challenging the sufficiency of the evidence.

Ultimately, the jury found Appellant "guilty" as charged. Following a bench trial on punishment, the trial court sentenced Appellant to imprisonment for life. This appeal followed.

ADMISSIBILITY OF EVIDENCE - RELEVANCE AND UNDUE PREJUDICE

In his sole issue, Appellant argues that the trial court abused its discretion in admitting nine photographs seized from Appellant's laptop. Specifically, Appellant argues the admission of this evidence violates Texas Rules of Evidence 401, 402, and 403.

Standard of Review and Governing Law

We review the trial court's decision to admit evidence for abuse of discretion. See Prystash v. State, 3 S.W.3d 522, 527 (Tex. Crim. App. 1999); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). "That is to say, as long as the trial court's ruling was at least within the zone of reasonable disagreement, the appellate court will not intercede." Montgomery, 810 S.W.2d at 391. Furthermore, [*3] if the trial court's evidentiary ruling is correct on any theory of law applicable to that ruling, it will not be disturbed, even if the trial judge gave the wrong reason for a correct ruling. See De La Paz v. State, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more

probable or less probable than it would be without the evidence. TEX. R. EVID. 401. Evidence that is not relevant is inadmissible. See TEX. R. EVID. 402. With respect to the relevance of photographic evidence, the court of criminal appeals further instructs as follows:

> A photograph should add something that is relevant, legitimate, and logical to the testimony that accompanies it and that assists the jury in its decision-making duties. Sometimes this will, incidentally, include elements that are emotional and prejudicial. Our case law is clear on this point: If there are elements of a photograph that are genuinely helpful to the jury in making its decision, the photograph is inadmissible only if the emotional and prejudicial aspects substantially outweigh the helpful aspects.

Erazo v. State, 144 S.W.3d 487, 491-92 (Tex. Crim. App. 2004).

Under Rule 403 of the Texas Rules of Evidence, even relevant "evidence may be excluded if its [*4] probative value is substantially outweighed by the danger of unfair prejudice . . . ." TEX. R. EVID. 403. "Rule 403 favors admissibility of relevant evidence, and the presumption is that relevant evidence will be more probative than prejudicial." Montgomery, 810 S.W.2d at 389. Rule 403 requires both trial and reviewing courts to analyze and balance (1) the probative value of the evidence (2) the potential to impress the jury in some irrational, yet indelible, way, (3) the time needed to develop the evidence, and (4) the proponent's need for the evidence. See Erazo, 114 S.W.3d at 489. In making this determination, we consider factors including (1) the number of exhibits offered, (2) their gruesomeness, (3) their detail, (4) their size, (5) whether they are black and white or color, (6) whether they are close up shots, (7) whether the body is naked or clothed, (8) the availability of other means of proof, and (9) other circumstances unique to the individual case. Santellan v. State, 939 S.W.2d 155, 172 (Tex. Crim. App. 1997).

Moreover, under Rule 404(b), evidence of other crimes, wrongs, or bad acts is inadmissible if it is offered to prove the character of a person in order to show action in conformity therewith. See TEX. R. EVID. 404(b). But it may be admissible for other purposes, such as proof of motive, opportunity, intent, [*5] absence of mistake or accident, or to rebut a defensive theory. Id.; Sarabia v. State, 227

S.W.3d 320, 322 (Tex. App.--Fort Worth 2007, pet. ref'd).

The Photographs and K.J.'s Trial Testimony

In the instant case, the State sought to admit nine of approximately two thousand photographs recovered from Appellant's laptop. Each of these pictures depicts one or more young girls. In five of the pictures, the girls are nude or partially nude. In three of the remaining four pictures, the girls depicted are wearing only undergarments, and in the fourth picture, the girl is wearing an ill-fitting and revealing bathing suit. Appellant objected to the admissibility of these photographs, arguing that they were not relevant and were "more prejudicial than probative." The trial court overruled Appellant's objections.

Earlier in the trial, K.J., who was twelve years old at that time, testified that when she was nine years old, Appellant sexually abused her on multiple occasions. Specifically, she stated that Appellant would put his hand on her genitals under her underwear and, subsequently, would put his finger in her vagina. K.J. specified that this happened approximately twenty-five times, usually on a weekly basis. K.J. also described another incident when Appellant placed [*6] an object she described as "hard and rubbery [feeling], like a [hard] bottle nipple . . . close to [her] bottom." K.J. elaborated, stating that her back was toward Appellant, who was rubbing this object on her bottom and who once put the object in her bottom, while he breathed heavily and rubbed her stomach under her shirt with his hands.

On cross examination, K.J. testified that she told Mendez that she "gets really mad sometimes." She further testified that she did not like having to sleep in the dining room and was mad because Appellant's son had his own room. K.J. further recounted an incident with a boy at her school, whom she accused of touching her bottom. Based on K.J.'s testimony about feeling something similar to a bottle nipple on her bottom, the State questioned her about her familiarity with condoms and whether she had seen one in her mother and Appellant's bathroom on one occasion. The State further questioned K.J. about whether Appellant's son had, on numerous occasions, jokingly pretended to "drop a condom" in front of her.

On redirect examination, K.J. stated that she had not fabricated her allegations against Appellant for the purpose of creating an opportunity to have [*7] her own bedroom.

During his closing argument, Appellant began by stating, "The bottom line in this case is the credibility of the witnesses, primarily, [K.J.]. She was the only witness that means anything in the case." Appellant then proceeded to point out inconsistencies in K.J.'s testimony and suggest to

13

the jury that she fabricated the story because, among other reasons, she was mad about having to sleep in the dining room. Appellant elaborated, suggesting that K.J. observed the consequences that befell the boy at her school after she reported to the teacher that he had touched her rear end. Appellant proffered that, as a result, K.J. believed she could gain some sort of advantage by placing Appellant in a similar predicament by telling her teacher that he had touched her inappropriately. Appellant further emphasized to the jury that the State had admitted having no physical evidence and, ultimately, asked the jury to conclude that there was reasonable doubt that Appellant did what K.J. said he did.

## Relevance

The photographs admitted in the instant case share a common theme--lascivious depictions of young girls.[2] The indictment alleged that Appellant committed the offense of continuous [*8] sexual abuse by, among other ways, intentionally or knowingly engaging in sexual contact with K.J. by touching her genitals with the intent to arouse or gratify his sexual desire.[3] K.J. testified that Appellant put his hand in her pants underneath her underwear on numerous occasions. The photographs, which were recovered from Appellant's computer, tended to prove that Appellant was aroused by lascivious depictions of young girls. This tends to support the conclusion that Appellant, on numerous occasions, engaged in the aforementioned sexual contact with the intent to arouse or gratify a similar sexual desire. See, e.g., Pallm v. State, No. 12-10-00329-CR, 2011 Tex. App. LEXIS 9402, 2011 WL 6043025, at *2 (Tex. App.--Tyler Nov. 30, 2011, pet. ref'd) (mem. op., not designated for publication). They further served to bolster K.J.'s testimony, the veracity of which Appellant attacked. Id.

> 2 Among these pictures was a photograph of a prelude to a sexual encounter between a girl and an older nude male with an erect penis. Another photograph depicts two girls. One is on her knees, leaning forward on her elbows, and facing away from the camera, while the other girl is kneeling, facing the camera, and has both of her hands placed on the first girl's genitals.
> 3 See TEX. [*9] PENAL CODE ANN. § 21.02(c)(2) (West Supp. 2014) ("act of sexual abuse" includes indecency with a child under Section 21.11(a)(1), if actor committed offense in a manner other than by touching breast of child); id. § 21.11(a) (West 2011) (person commits indecency with child if, with a child younger than seventeen years of age, person engages in sexual contact with child); see

also id. § 21.01(2) (West 2011) (under Section 21.11, "sexual contact" includes touching by person of any part of child's genitals and requires act be committed with intent to arouse or gratify sexual desire of actor).

## Weighing Probative Value Against Danger of Unfair Prejudice

We next consider whether the probative value of these photographs is substantially outweighed by the danger of unfair prejudice to Appellant.

Applying the Rule 403 balancing factors to this case, we first consider how compellingly the photographs served to make a fact of consequence more or less probable. Sarabia, 227 S.W.3d at 324. As set forth previously, this photographic evidence was necessary to prove the requisite intent element under Sections 21.02 and 21.11. Moreover, at trial, Appellant fervently challenged K.J.'s credibility. Because there were no other eyewitnesses and no biological evidence linking Appellant to the crime, the evidence in question [*10] was particularly important to the State's need to rebut Appellant's well-structured attack on its key witness. Appellant declined to call any witnesses. Thus, his attack on K.J.'s credibility was a critical component to his defense. As a result, it was keenly important that the State seek to bolster K.J.'s testimony. Because K.J. admitted that she was mad about having to sleep in the dining room and that she accused a boy at her school of making unwanted contact with her rear end, the jury could have reasonably concluded that she fabricated her allegations to gain some sort of advantage by getting Appellant into trouble. These photographs possessed by Appellant contemporaneously with the events in question tended to show that K.J.'s testimony was truthful since it demonstrated that Appellant received sexual gratification from viewing these photographs. See, e.g., Pallm, 2011 Tex. App. LEXIS 9402, 2011 WL 6043025, at *2. We conclude that the probative value of the photographic evidence is high and the State's need for the evidence was significant.

As for the exhibits, they are nine color images apparently downloaded from the internet. Eight of the nine photographs are 4? x 6,? while the remaining photograph is 3 1/2? x 5.? None of the [*11] pictures are particularly sharp in detail. Most of the photographs could be described as blurry to moderately pixilated. Finally, one photograph appears to have been taken with some sort of night vision filter, and its subject is barely discernible.

But despite the poor quality of the photographs, we cannot discount the possibility that they may have potentially impressed the jury in some irrational way. And

14

while the notion of a person receiving any sort of gratification from these sorts of pictures is repugnant, its potential to irrationally impress the jury in the instant case was diminished given the totality of the evidence before the jury. See, e.g., Gomez v. State, No. 12-13-00050-CR, 2015 Tex. App. LEXIS 486, 2015 WL 303095, at *4 (Tex. App.--Tyler 2015, no pet. h.) (not yet released for publication); Pallm, 2011 Tex. App. LEXIS 9402, 2011 WL 6043025, at *3. Indeed, Appellant's possession of this pornographic material was likely to be construed as less heinous by the jury than the detailed evidence it heard concerning Appellant's repeatedly rubbing nine-year-old K.J.'s genitals, inserting his finger into her vagina, and penetrating her anus with a foreign object. Cf. Gomez, 2015 Tex. App. LEXIS 486, 2015 WL 303095, at *4; Pallm, 2011 Tex. App. LEXIS 9402, 2011 WL 6043025, at *3.

Moreover, the State did not spend an excessive amount of time developing this evidence. All argument concerning the admissibility of these photographs [*12] was conducted outside of the jury's presence. The State proved up the photographs with only three questions. Once the photographs were offered into evidence and published to the jury, the State concluded its examination and rested. Further still, while the State made references to these photographs in its jury argument, it did so while drawing a clear line to the intent element. Specifically, the prosecuting attorney argued to the jury as follows:

> One of the other elements we have to prove is that the defendant acted with intent to arouse or gratify his sexual desires. I think his acts speak for themselves, but I also think other items do. I didn't like looking at these [photographs]. I had to look at them for trial. You didn't want to look at them. But you had to look at them because you're the jury in this case. Do you think anybody else in this room likes looking at them? That man right there. Ladies and gentlemen, we have proved our case beyond a reasonable doubt. I ask you today to fight for her, to right a wrong in her life with a guilty.

In response, Appellant's attorney also made several references to the photographs, explaining to the jurors that the purpose of the State's offering [*13] the photographs was to "get a reaction out of" them and cause them to not care about the evidence, or lack thereof. Appellant further reminded the jury that it was not obligated to convict Appellant based on his possessing these photographs.

Having considered and balanced the aforementioned factors, we conclude that each factor weighs in favor of the trial court's finding that the probative value of the photographs is not substantially outweighed by the danger of unfair prejudice. Therefore, we hold that the trial court did not abuse its discretion in admitting these photographs. Appellant's sole issue is overruled.

DISPOSITION

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

BRIAN HOYLE

Justice

Opinion delivered February 11, 2015.
Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.

(DO NOT PUBLISH)

JUDGMENT

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be in all things affirmed, for which execution may issue, and that this decision be certified [*14] to the court below for observance.

Brian Hoyle, Justice.

15

[Print this page](#)

# Case # PD-0270-15

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 04/13/2015 03:39:05 PM |
| Case Number | PD-0270-15 |
| Case Description | |
| Assigned to Judge | |
| Attorney | James Huggler |
| Firm Name | Law Office of James Huggler |
| Filed By | James Huggler |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.09 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $3.00 |
| Total Provider Tax Fees | $0.25 |
| Grand Total | $3.34 |

## Payment

| | |
|---|---|
| Account Name | Amie |
| Transaction Amount | $3.34 |
| Transaction Response | |
| Transaction ID | 8000323 |
| Order # | 004867925-0 |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Petition for Discretionary Review |
| Filing Description | Petition for Discretionary Review |
| Reference Number | PDR |
| Comments | |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| Other | 04/15/2015 04:47:14 PM | The petition for discretionary review does not contain the identity of Judge, Parties and Counsel [Rule 68.4(a)]. You have ten days to tender a corrected petition for discretionary review. |

## Documents

| | | |
|---|---|---|
| *Lead Document* | PDR.pdf | [Original] |

## eService Details

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Michael West MWest@smith-county.com | Smith County District Attorney's Office | EServe | Sent | Yes | 04/13/2015 05:13:18 PM |
| Lisa McMinn information@spa.texas.gov | State Prosecuting Attorney | EServe | Sent | Yes | 04/13/2015 04:26:08 PM |
| Lisa C. McMinn lisa.mcminn@spa.texas.gov | State Prosecuting Attorney's Office | EServe | Sent | Yes | 04/14/2015 08:30:29 AM |